Per Curiam.

The property received in Vermont by the administrators is to be accounted for there ; but the property in this Commonwealth is liable, to a certain extent, to the debts here. As the estate is insolvent, a creditor here is not to be paid his whole debt to the prejudice of creditors in Vermont, but only a pro rata dividend. There is no difficulty in this case as to the modus operandi. Judgment is to be taken for the whole debt, but no execution is to issue. The administra tors will ascertain the amount of the assets and debts in both States, and pay the creditors here, pro rata. They will be protected in Vermont for what they are compelled to do here by our law.[1]

 Provision is made for such a case by the Revised Stat. c. 70, § 23 et seq. See Porter v. Heydock, 6 Vermont R. 374; Harvey v. Richards, 1 Mason, 381; Jennison v. Hapgood, 10 Pick. 77; Miller's Estate, 3 Rawle, 312; Hooker v. Olmstead, 6 Pick. 481; Olivier v. Townes, 14 Martin, 93, 99; De Sobry v. De Laistre, 5 Harr. & Johns. 193, 224; Story’s Comm, on Confl, Laws 423; 2 Kent. (3d ed.) 433, 434; Dawes v. Head, 3 Pick. (2d ed.) 144, note.